**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

**RICHARD R. PRICE**           )
    Plaintiff,           )
                          )
v.                             )    Civil Action No. TMD 08-3495
                          )
                          )
**MICHAEL J. ASTRUE,**         )
Commissioner of Social Security, )
                          )
    Defendant.            )
                          )

<u>MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

Richard R. Price ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § § 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 13) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 21). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

## I. Procedural History

Plaintiff filed his application for DIB on January 24, 2005 alleging disability since February 1, 1993 due to chronic pain due to unhealed broken clavicle, ruptured disk, back pain, post traumatic stress disorder ("PTSD"), sleep disorder, depression, nerve damage to arms and

problems with left leg. R. at 99-101, 108. The claims were denied initially and on reconsideration. R. at 65, 67-71, 74-75. On November 9, 2006, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 35-64. Plaintiff was represented by counsel. In a decision dated March 1, 2007, the ALJ denied Plaintiff's request for benefits. R. at 22-34. On November 14, 2008, the Appeals Council denied review making this action ripe for review. R. at 5-8.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: dysthimia/depression, attention deficit disorder ("ADD"), PTSD, a back disorder with residuals of surgery, a shoulder disorder, a wrist disorder, and a substance abuse disorder. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 22-34.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

2

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff contends that (1) the ALJ erred by not finding his personality disorder constituted a severe impairment; and (2) the ALJ erred by relying on the testimony of the VE. The Court finds that Plaintiff's arguments are without merit.

### A. Step 2

The second step of the sequential analysis requires that the claimant have a medically determinable impairment or combination of impairments that is severe and has lasted or is expected to last for a continuous period of twelve months or more. 20 C.F.R. §§ 404.1509. An impairment cannot be established by the claimant's statement of symptoms alone, but must be demonstrated "by medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508; *see also* 42 U.S.C. § 423(d)(5)(A). It is the claimant who bears the burden of demonstrating a medically severe impairment or combination of impairments. *See Bowen v.*

*Yuckert,* 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (citing 42 U.S.C. § 423(d)(5)(A), which provides that a claimant "shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof....").

An impairment is severe within the meaning of the Social Security regulations if it imposes significant limitations on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1521(a). In contrast, an impairment is *not* severe if it "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1982). Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs," which include: (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b). In assessing the functionally limiting effects of a claimant's impairment or combination of impairments, the ALJ must consider any "symptom-related limitations"-restrictions caused by symptoms, such as pain, fatigue, or weakness-provided that the claimant has "a medically determinable impairment(s) that could reasonably be expected to produce the symptoms." Soc. Sec. Ruling 96-3p. Nonetheless, when the medical evidence shows that the claimant is capable of performing basic work activities, the severity requirement cannot be satisfied. Soc. Sec. Ruling 85-28.

Here, Plaintiff argues that the ALJ should have found his borderline personality disorder constituted a severe impairment. The mention of borderline personality disorder indeed appears

4

in the record.  Yet, Plaintiff does not even begin to meet his burden of demonstrating that it constitutes a sever impairment and perhaps more significantly, fails to mention one symptom emanating from this disorder which should have been included in the hypothetical to the VE as Plaintiff suggests.  As the Commissioner correctly points out, Dr. Trachenburg, Plaintiff's treating psychiatrist, never provided a diagnosis of borderline personality disorder.  R. at 343-575.  Rather, mention of borderline personality disorder appears in a January 1, 1980 (approximately 13 years before Claimant alleges disability) report titled "Minnesota Multiphasic Personality Inventory – 2."  R. at 159-69. [1]  The Court notes that the only identification on the report is by client number not name and the report itself indicates that it should be interpreted with caution.  R. at 159-60.  The other diagnosis is from Dr. Smoller who apparently saw Claimant once in 1995 and once in 1997.  While the ALJ did mention the treatment notes of Dr. Smoller (in connection with his discussion) of PTSD, he apparently gave no weight to his diagnosis of borderline personality disorder.  Given the fact that Dr. Smoller saw Claimant only twice and Dr. Trachtenberg had an established treatment relationship with Claimant, the Court does not find that the ALJ erred.  Clearly, even recognizing the minimal threshold at step two of the sequential evaluation, Plaintiff has not met his burden of establishing that if indeed he suffered from a borderline personality disorder, it interfered with his ability to do even basic work activities.

    B.  <u>VE Testimony</u>

Plaintiff next argues that the ALJ erred in relying on the testimony of the VE because

---

[1] Interestingly, the report is copyrighted 1989.  R. at 159.

(1) the hypotheticals did not include all of Claimant's impairments; specifically the "symptoms of borderline personality disorder"; and (2) the VE's opinions were not consistent with the law or the Dictionary of Occupational Titles ("DOT"). As discussed above, the ALJ did not err in his finding that borderline personality disorder did not constitute a severe impairment; and therefore he did not err by failing to include any (non-specified) symptoms in the hypotheticals to the VE. *See Walker v. Bowen,* 889 F.2d 47, 51 (4th Cir.1989).

Plaintiff next argues that because Plaintiff suffered from akathisia, restlessness or inability to sit still,[2] the ALJ should have determined if Claimant had to stand up and walk around or if there was a sit/stand option. In his fifth hypothetical, the ALJ included a limitation that the individual could sit/stand at his discretion. R. at 58. In response, the VE testified that if a claimant had to sit and stand at will, that would not affect the occupational base of sedentary work. R. at 62-63. Plaintiff alleges this was error.

Even if the VE's response was contrary to law, the ALJ did not rely on this response because it included more restriction than the ALJ ultimately found. In his RFC, the ALJ determined that Claimant had the ability to walk or stand for a total of four hours in an eight hour workday and to sit a total of six hours in an eight hour workday. R. at 25-26. He did not find that Plaintiff required a sit/stand option. Accordingly, Plaintiff's argument is simply not relevant.

Finally, Plaintiff contends that some of the jobs identified by the VE conflict with the DOT. He argues that because the ALJ limited Claimant to unskilled work, he is not capable of

---

[2] On April 28, 1997, there is a notation in the record that Claimant's "akathesia . . .resolved within hours after the Propranolol and he is today steady, and in good spirits." R. at 469; *see also* R. at 471 (noting "possible akathesia" and adding Propranilol to resolve this side effect); R. at 504 (noting akathesia mostly

6

performing the job of security monitor or film development assistant because both require a reasoning level higher than that which Claimant possesses.  Even assuming that Plaintiff is correct, any error is harmless because the ALJ did not confine his findings at step five to these occupations.  He also relied on VE testimony which indicated the availability of the following occupations:  inspector (1260 locally/40,000 nationally), ticket marker/pricer(1600 locally/48,000 nationally), mail router(2400 locally/164,000 nationally), and grader/sorter(1050 locally/68,000 nationally).   Accordingly, the Commissioner met his burden at step 5 of the sequential evaluation in demonstrating the availability of employment for which Claimant is capable of performing.

### V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date:   November  1, 2010  	           _____/s/_____
	             	  	                    THOMAS M. DIGIROLAMO
		                                    United States Magistrate Judge


Copies to:
Alan Nunta
702 Russell Ave., Suite 300
Gaithersburg, MD 20877

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street

---

gone after discontinuing Wellbutrin).

Baltimore, Maryland 21201-2692